UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ROMAINE ALLEN,

                Plaintiff,

     -against-

POLICE OFFICER DOMINICK MANTOVANI, GEORGE
TSUNIS, ESQ., as Chairman of the Nassau County Medical
Center; JOHN DOA, as Chief Medical Officer at the Nassau
County Medical Center; PATRICK RYDER, Nassau County
Police Commissioner; POLICE OFFICER MICHAEL L.
COHEN, Shield # 9945; POLICE OFFICER TIMOTHY
J. METZGER, Shield # 9659;

                Defendant.
-------------------------------------------------------------------------X

For Online Publication Only

ORDER TO SHOW CAUSE
22-CV-6659 (JMA)(ST)

FILED
CLERK
11:31 am, Jan 24, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

JOAN M. AZRACK, District Judge:

On October 31, 2022, *pro se* plaintiff Romaine Allen ("plaintiff") commenced this action while incarcerated at the Altona Correctional Facility pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that he was subjected to excessive force and denied adequate medical treatment arising from an incident alleged to have occurred in Uniondale, New York, on November 2, 2018. (*See* Docket Entry No. 1). Accompanying the complaint is an application to proceed *in forma pauperis*. (*See* Docket Entry No. 2.) Upon review, the Court finds that plaintiff is qualified by his financial position to proceed *in forma pauperis*. Accordingly, the application to proceed *in forma pauperis* is granted.

However, upon review of the complaint in accordance with the *in forma pauperis* statute, 28 U.S.C. § 1915, and the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A, the timeliness of plaintiff's claims is dubious. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (explaining that 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) "provide an efficient means by which a court can screen for and dismiss legally insufficient claims"); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11

(2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents . . . .") (quoting 28 U.S.C. § 1915A)); *see also Gunn v. Doe*, No. 19-CV-10383(LLS), 2020 WL 5663393, *1 (E.D.N.Y. Sept. 23, 2020) ("The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity."). Accordingly, plaintiff is ordered to show cause as set forth below why the Court should not dismiss his action as time-barred.

Plaintiff alleges that, on November 2, 2018, he "refused to stop and lead Nassau County police officers on a chase. I crashed and was assaulted by several Nassau County police officers while several other Nassau County police officers did not intervene." (Compl. ¶ II.) Plaintiff next alleges that he was transported to Nassau County Medical Center where he "received partial medical treatment. (*Id.*) According to the complaint, plaintiff "is still suffering from my injuries that is still undiagnosed and unresolved." (*Id.*) Plaintiff alleges that he "had a left orbital fracture" for which he "received staples on the left side of my head." (*Id.* at ¶ II.A.) However, Plaintiff complains that he has "damage to my eyes in which I can't see well from a certain distance, blurry vision, [and] sensitivity to light." (*Id.*) Plaintiff also complains that he has undiagnosed injuries to his knees as well as his shoulders and back. (*Id.*) Plaintiff alleges that he "need[s] a[n] MRI to evaluate what is wrong with my body and why I have limited mobility issues." (*Id.* ¶ III.) For relief, plaintiff seeks to recover a monetary award in the sum of $20 million "in compensation due to my suffering and mental anguish." (*Id.*)

Affording the *pro se* complaint a liberal construction, it appears that plaintiff seeks to pursue excessive force and/or deliberate indifference claims due to the alleged denial of adequate

2

medical treatment which are properly brought pursuant to 42 U.S.C. § 1983. Under New York law, Section 1983 claims are governed by a three-year statute of limitations. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations.") (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)); *see also Wheeler v. Slanovec*, No. 16-CV-9065, 2019 WL 2994193, *5 (S.D.N.Y. July 9, 2019) ("[F]ederal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims."). Given that plaintiff's Section 1983 claims arise from conduct alleged to have occurred in November 2018, they are well outside the three-year statute of limitations.

Although a statute of limitations generally may be extended under the doctrine of equitable tolling, plaintiff has not alleged a basis to equitably toll the statute of limitations. The equitable tolling doctrine "applies where it would be unjust to allow a defendant to assert a statute of limitations defense, because the defendant's affirmative wrongdoing . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Willensky v. Lederman*, No. 13-CV-7026 (KMK), 2015 WL 327843, *6 (S.D.N.Y. Jan. 23, 2015) (internal quotation marks and citation omitted). In general, equitable tolling applies where "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and alteration omitted).

To determine whether equitable tolling applies, the person seeking application of the doctrine "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Castang v. Geimano*, No. 19-CV-7178(BMC)(LB), 2020 WL 5531553, at *2 (E.D.N.Y. Sept. 15, 2020) (citing *Zerilli-Edelglass v.*

3

*New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)); *see also McDermott v. Fed. Sav. Bank*, No. 14-CV-6657 (JMA) (GRB), 2018 WL 6718599, at *3 (E.D.N.Y. Sept. 28, 2018). "This standard is very high." *Castang*, 2020 WL 5531553, at *2 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating "a garden variety claim of excusable neglect" is not enough to show equitable tolling). Plaintiff bears the burden to establish that equitable tolling is warranted. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (The "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.") (citation omitted).

The Second Circuit instructs that notice and an opportunity to be heard be afforded to a *pro se* litigant prior to dismissing an *in forma pauperis* complaint *sua sponte* as barred by the applicable statute of limitations. *See Abbas*, 480 F.3d at 639-40; *see also Muhammadali v. City of New York*, 795 F. App'x 70, 71 (2d Cir. 2020) (summary order) ("[A] district court should not *sua sponte* dismiss an action as time-barred without giving the plaintiff notice and opportunity to be heard as to potential affirmative defenses."). **Accordingly, plaintiff is ordered to show cause in writing within sixty (60) days from the date of this Order why his claims arising from the events alleged to have occurred in November 2018 as alleged in the complaint are not barred by the applicable statute of limitations. Plaintiff is cautioned that his failure to timely comply with this Order absent a showing of good cause will lead to the dismissal of his claims with prejudice as time-barred pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

4

The Clerk of Court shall mail a copy of this Order to the plaintiff at his address of record with the notation "Legal Mail" on the envelope.

**SO ORDERED**.                                         _____/s/ (JMA)_____
                                                                                                                                                      Joan M. Azrack
                                                                                                                                                      United States District Judge

Dated:    January 24, 2023
             Central Islip, New York